**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**KENNETH JEROME PITTMAN,**

       **Movant,**

**v.**                                    **Case No. 2:07-cr-00045**
                                              **Case No. 2:12-cv-01392**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on April 23, 2012.  (ECF No. 70.)  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Kenneth Jerome Pittman (hereinafter "Defendant") is serving a 108-month sentence upon his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute of 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. Defendant's written plea agreement contained a waiver by both the United States and Defendant of appellate review of the reasonableness of Defendant's sentence, so long as it fell within the Guideline range.  The plea agreement also waived appellate review of any fine, unless imposed outside the Guideline range.  (ECF No. 33 at 7.)

Defendant was sentenced on February 19, 2008, and his Judgment was entered on February 20, 2008.  (ECF NO. 43.)  Defendant's counsel did not file a Notice of Appeal within the 10-day time period provided by the Rules of Appellate Procedure.[1]  Rather, on July 23, 2008, Defendant filed a *pro se* Notice of Appeal.  (ECF No. 50.)

Although counsel was appointed to represent Defendant on appeal, his appeal was ultimately dismissed as untimely on February 17, 2009.  The United States Court of Appeals for the Fourth Circuit found no excusable neglect or other basis to toll the time period for filing a Notice of Appeal.  (ECF No. 64.)

On May 3, 2012, Defendant filed the instant section 2255 motion.  (ECF No. 70.)  The form motion contains no enumerated grounds for relief and Defendant has not filed any brief or other document in support of his motion that contains any explanation of the proposed grounds for relief.

## **ANALYSIS**

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion.  However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly

---

[1] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 to modify this time period to 14 days.  Defendant's judgment was entered prior to this amendment taking effect.  Thus, the prior rule is applicable to his case.

recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the eleventh day after the entry of the Judgment in a Criminal Case, or on or about March 3, 2008, because he did not file a timely direct appeal.  Rule 4(b), Federal Rules of Appellate Procedure.  Thus, the one year period for filing a § 2255 motion expired on March 3, 2009.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about March 3, 2008, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case.  Therefore, Defendant's time to file his section 2255 motion expired on or about March 3, 2009, and his present motion is untimely.  The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

The undersigned further proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion fails to state any claim upon which relief can be granted because Defendant has not listed any grounds for relief in his motion.  Thus, he has provided no basis to vacate, set aside or correct his sentence.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 70) be dismissed with prejudice as untimely and for failure to state a claim upon which relief can be granted.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.,

United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

May 22, 2012

Mary E. Stanley
United States Magistrate Judge